UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEMB LENDING, INC., as Servicer for
Wilmington Trust Company,

                      Plaintiff,

-vs-                                                       Case No. 2:09-cv-627-FtM-SPC

2000 SEA RAY 340 SUNDANCER, Hull ID
Number: SERT7083D000, Official Number:
1194281, in rem, SOUTHWEST FLORIDA
MARINE, INC.,

                      Defendants.
_____

## ORDER

This matter comes before the Court on the Plaintiff, GEMB Lending Inc.'s Motion for Final Summary Judgment (Doc. #40) filed on March 3, 2010 pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Defendant Southwest Florida Marine, Inc filed their Response to Plaintiff's Motion for Final Summary Judgment (Doc. #42) on March 16, 2010. The Plaintiff filed its Unopposed Motion for Leave to File Reply in Support of Motion for Final Summary Judgment and Brief Reply in Support Thereof on March 25, 2010 (Doc. #43) which was granted by this Court's Order on March 26, 2010. (Doc. #44). The Motions are now ripe for review by this Court.

Plaintiff, GEMB Lending, Inc. (GEMB), is moving this Court for entry of an Order granting Summary Judgment against Defendants, 2000 Sea Ray 340 Sundancer Hull ID Number SERT7083D000, Official Number 1194281 (Sundancer) and Southwest Florida Marine, Inc. The Defendant Southwest Florida Marine, Inc. argues that although Plaintiff GEMB may be entitled to summary judgment on its *in rem* claim against the subject vessel, GEMB is not entitled to summary

judgment against Southwest Florida Marine because they are not a party to the Promissory Note or Mortgage which is the basis of Plaintiff's *in rem* claim against the vessel. Specifically, GEMB has plead no claim against Southwest Florida Marine. They assert Southwest Florida Marine has a counterclaim against GEMB alleging unjust enrichment.

On November 6, 2006, Jonas D. Zetzel and James L. Saada became indebted to GEMB, as servicer for Wilmington Trust Company in the principal sum of $77,725.00 for the purchase of the Sundancer which debt was payable in accordance with a Retail Installment Contract and Security Agreement "Note." (DE 1, Exhibit "A", Retail Installment Contract and Security Agreement).

On November 6, 2006, Jonas D. Zetzel and James L. Saada executed and delivered to Plaintiff, GEMB as servicer for Wilmington Trust Company, a First Preferred Ship Mortgage on the Vessel Sundancer to secure the payment of indebtedness and interest. (DE 1, Exhibit "B", First Preferred Ship Mortgage). The Mortgage was duly and validly executed and recorded with the United States Coast Guard National Vessel Documentation Center on December 8, 2006, Batch 562077, Doc ID 6422986.

On November 28, 2008, unbeknownst to Plaintiff GEMB, the Vessel Sundancer was auctioned pursuant to Florida Statute § 328.17 (governing the non-judicial sale of Vessels) to pay for alleged storage charges owed to Banyan Bay Marine Center, 4491 Anglers Avenue, Dania Beach, FL 33312. (DE 1, Exhibit "C", Notice of Non-Judicial Sale of Vessel.)

The notice, which was prepared by United American Lien & Recovery, P.O. Box 5823, Fort Lauderdale, FL 33310, reflects under the heading "Lienholder," none. Plaintiff GEMB was never provided any notice of the sale, despite having a validly recorded First Preferred Ship Mortgage on

the Vessel. The Vessel Sundancer was sold on November 28, 2009, to defendant Southwest Florida Marine, Inc. (DE 1, Exhibit "D", Application for Vehicle/Vessel Certificate of Title.)

The Retail Installment Contract and Security Agreement and First Preferred Ship Mortgage provides that Plaintiff, GEMB, as servicer for Wilmington Trust Company, may demand full payment if timely payments are not made and also may immediately take possession of the Property by legal process. *See* Section entitled "Remedies" of the Retail Installment Contract and Security Agreement and Paragraph 17 entitled "Remedies" of the First Preferred Ship Mortgage.

The Mortgage and Note being in default, Plaintiff GEMB as servicer for Wilmington Trust Company, seeks to foreclose its First Preferred Ship Mortgage against the Vessel Sundancer.

GEMB is obligated to pay its attorneys a reasonable fee for their services and Defendants are liable for attorneys' fees in accordance with the First Preferred Ship Mortgage as executed and delivered. (DE 1, Exhibit "B" Paragraph 15 entitled "Late Charges and Attorney's Fees" of the First Preferred Ship Mortgage.) As of May 1, 2009, GEMB is owed the amount of $76,716.99 U.S. Dollars plus accruing interest at the per diem rate of $15.40 U.S. Dollars, attorney's fees, costs and expenses.

**STANDARD OF REVIEW**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of showing the absence of any genuine

issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-323. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

The Plaintiff claims there is no genuine issue of material fact that the Defendant is in default of the terms of the First Preferred Ship Mortgage encumbering the 2000 Sea Ray 340 Sundancer, and that GEMB is owned, as of May 1, 2009, the principal amount of $76,716.99, plus prejudgment interest at the per diem rate of $15.40, as well as costs, post-judgment interest and reasonable attorney's fees. The Defendant Southwest Florida Marine (Florida Marine) argues that it is not a party to the original contract and is instead a purchaser in good faith and therefore no claim may be brought against it.

The Plaintiff holds the First Preferred Ship Mortgage encumbering the Sundancer and they are owed $76,716.99 plus interest to pay that debt. The Defendant Florida Marine does not oppose the sale of the Sundancer to pay off the Plaintiff's judgment. Thus, there are no genuine issues of material fact that would prevent Plaintiff from selling the Sundancer to satisfy its debt.

Accordingly, it is now

**ORDERED:**

The Plaintiff's Motion for Final Summary Judgment (Doc. #40) is **GRANTED.** The Plaintiff GEMB Lending Inc.'s Motion to Sell the 2000 Sea Ray 340 Sundancer Hull ID Number SERT7083D000, Official Number 1194281 is **GRANTED**.

(1) The Clerk of the Court is directed to hereby enter Judgment against the Defendant vessel the 2000 Sea Ray 340 Sundancer Hull ID Number SERT7083D000, Official Number 1194281;

(2) Damages are awarded against the vessel *in rem* in the sum of $76,716.00, plus prejudgment interest at the per diem rate of $15.40, as well as costs, expenses, post-judgment interest and reasonable attorney's fees;

(3) The 2000 Sea Ray 340 Sundancer Hull ID Number SERT7083D000, Official Number 1194281, her engines, tackle, rigging, dinghies, equipment, appurtenances, furniture, etc., shall be sold by the United States Marshal, Middle District of Florida at public auction to the highest bidder free and clear of all liens from any pre-existing claims of the vessel, whether recorded or otherwise, as provided in Supplemental Rule E(9)(b) of the Federal Rules of Civil Procedure;

(4) The proceeds of such sale equal to the amount sufficient to cover the Defendant Florida Marine's claims, upon confirmation by the Court, shall be paid by the United States Marshal into

the registry of this Court to await and abide further Order of this Court pending a determination on the Defendant Florida Marine's Equitable Unjust Enrichment Claim.

(5) The Plaintiff, if it so chooses, is entitled to bid its Judgment or any part thereof, in lieu of cash at the public sale of the Sundancer, and shall not be required to pay cash or other payment, as a deposit at the time of the sale or as a balance to the purchase price; however, if the Plaintiff is the purchaser of the vessel at auction, then the Plaintiff **stipulates** that it will pay any judgment entered in favor of the Defendant Southwest Florida Marine, Inc. on the Defendant's Counterclaim.

(6) The case shall remain open pending the outcome of the Defendant Southwest Florida Marine's Counterclaim.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of March, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record