UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEMB LENDING, INC., as Servicer for
Wilmington Trust Company,

                Plaintiff,

-vs-                                        Case No. 2:09-cv-627-FtM-SPC

2000 SEA RAY 340 SUNDANCER, Hull ID
Number: SERT7083D000, Official Number:
1194281, in rem, SOUTHWEST FLORIDA
MARINE, INC.,

                Defendants.
_____

## ORDER

This matter comes before the Court on the Plaintiff GEMB Lending, Inc.'s Motion for Summary Judgment (Doc. #56) filed on June 15, 2010. The Defendant Southwest Florida Marine, Inc. filed its Response in Opposition (Doc. # 59) on July 6, 2010. The Plaintiff filed a Motion for Leave to file a Reply Brief (Doc. # 64) on July 9, 2010. The Court granted the Motion for a Reply Brief and accepted the Reply attached to the Motion for Leave. The Motion for Summary Judgment is now ripe for review.

## FACTS

On or about November 6, 2006, Jonas D. Zetzel and James L. Saada executed and delivered to plaintiff, GEMB Lending, Inc., as servicer for Wilmington Trust Company a First Preferred Ship Mortgage on the Vessel to secure the payment of indebtedness for $77,725.00 plus interest. The Mortgage was duly and validly executed and recorded with the United States Coast Guard National Vessel Documentation Center on December 8, 2006, Batch 562077, Doc ID 6422986.

On or about November 28, 2008, unbeknownst to plaintiff GEMB, the Vessel was auctioned pursuant to Fla. Stat. § 328.17 (governing the non-judicial sale of Vessels) to pay for alleged storage charges owed to Banyan Bay Marine Center, 4491 Anglers Avenue, Dania Beach, FL 33312. However, GEMB was never provided any notice of the sale, despite having a validly recorded First Preferred Ship Mortgage on the Vessel. The Notice, which was prepared by United American Lien & Recovery, P.O. Box 5823, Fort Lauderdale, FL 33310, reflects under the heading "Lienholder," none. At that auction the Defendant Southwest Florida Marine, Inc. paid $13,475.38 for the Vessel. Defendant Southwest Florida Marine states that it subsequently made an additional $15,000.00 in repairs to the Vessel.

On September 21, 2009, GEMB filed a Complaint (Doc. # 1) against the Defendant 2000 Sea Ray 340 Sundancer ("the Vessel") and the current Defendant Southwest Florida Marine, Inc. to enforce its preferred mortgage. Southwest Florida Marine filed a counterclaim against GEMB (Doc. # 16), which alleges as follows:

> 1. Defendant was the good faith purchaser of the subject vessel, warranted by United American Lien and Recovery to be free and clear of all liens.
>
> 2. Following Defendant's purchase of the vessel, defendant expended in excess of $15,000 in parts and labor to make improvements to the vessel. Should Plaintiff be entitled to arrest the vessel for its purported first preferred ship's mortgage and the vessel be sold to satisfy the mortgage, Plaintiff will be unjustly enriched by the Improvements made to the vessel by the Defendant and its resulting increased sale price.
>
> 3. Equity and good conscience require that the Plaintiff reimburse the Defendant for its expenditures to improve the vessel.
>
> 4. In the alternative, pursuant to the doctrine of Equitable Subordination, the Plaintiff's lien should be deemed subordinate to Defendant's interest in the vessel, including the sales price, expenses and improvements to the vessel, made by the Defendant.

On March 29, 2010, summary judgment was granted in favor of GEMB against the Defendant Vessel (Doc. # 45). The Vessel was subsequently sold at auction by the U.S. Marshal's service to GEMB for $40,000.00. The Plaintiff now files the instant Motion for Summary Judgment against Southwest Florida Marine's Counterclaim for Unjust Enrichment.

**STANDARD OF REVIEW**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the

claim and the court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## **DISCUSSION**

GEMB states that summary judgment should be granted in their favor because the alleged improvements were not completed by Southwest Florida Marine, and thus the Marine is not entitled to recover the funds spent in the Vessel as a matter of law. In response, Southwest Florida Marine states that GEMB has been unjustly enriched and its Motion fails because genuine issues of material fact exist in this case.

### *(1) Whether the Repairs were Completed*

GEMB argues that the repairs alleged by Southwest Florida Marine were not completed. GEMB presents evidence in the form of a Vessel Detailed Condition Report from National Liquidators (Doc. # 56, Ex. A), showing the condition of the Vessel. The Report states that the Vessel's engines and stern drive were in poor condition even though Southwest Florida Marine states that the engines had been rebuilt. The Report continues that the Vessel's interior and exterior flooring as well as a list of items on the Vessel were in poor condition even though Southwest Florida Marine claims to have made such repairs.

The very fact that GEMB is disputing the condition of the engines and flooring establishes a genuine issue of material fact, specifically that Southwest Florida Marine may not have made the claimed repairs. As such, the Motion for Summary Judgment should be denied on the grounds that Southwest Florida Marine did not make the claimed repairs.

## *(2) Whether Southwest Florida Marine's Claim Fails as a Matter of Law*

GEMB argues that summary judgment should be granted because as a matter of law its mortgage claim has priority over Southwest Florida Marine's claim. GEMB notes that the Preferred Ship Mortgage was issued on the Vessel prior to the claim against the Vessel for unpaid storage and marina fees. GEMB argues from the Ship Mortgage Act 46 U.S.C. § 31326. The Ship Mortgage Act states in pertinent part:

> § 31326. Court sales to enforce preferred mortgage liens and maritime liens and priority of claims
>
> (a) When a vessel is sold by order of a district court in a civil action in rem brought to enforce a preferred mortgage lien or a maritime lien, any claim in the vessel existing on the date of sale is terminated, including a possessory common law lien of which a person is deprived under section 31325(e)(2) of this title [46 USCS § 31325(e)(2)], and the vessel is sold free of all those claims.
>
> (b) Each of the claims terminated under subsection (a) of this section attaches, in the same amount and in accordance with their priorities to the proceeds of the sale, except that—
>
>> (1) the preferred mortgage lien, including a preferred mortgage lien on a foreign vessel whose mortgage has been guaranteed under chapter 537 of this title [46 USCS §§ 53701 et seq.], has priority overall claims against the vessel (except for expenses and fees allowed by the court, costs imposed by the court, and preferred maritime liens);and
>
>> (2) for a foreign vessel whose mortgage has not been guaranteed under chapter 537 of this title [46 USCS §§ 53701 et seq.], the preferred mortgage lien is subordinate to a maritime lien for necessaries provided in the United States.

46 U.S.C. § 31326. GEMB reasons that since its Preferred Ship Mortgage was issued prior to Southwest Florida Marine's claims, then Southwest Florida Marine's claims are subordinate to GEMB's and therefore terminated pursuant to the language in the Ship Mortgage Act.

Southwest Florida Marine's claim does not dispute that GEMB's Preferred Ship Mortgage would take precedent over a lien or a claim against the Vessel. Instead, Southwest Florida Marine is claiming that GEMB was unjustly enriched by the $15,000.00 in improvements Southwest Florida Marine claims to have invested in the Vessel. Thus, Southwest Florida Marine's claim is not based upon a lien or a claim against the Vessel that would fall under the Ship Mortgage Act, but rather upon an equitable claim for unjust enrichment.

### *(3) Whether There is a Claim for Unjust Enrichment*

The elements of a claim for unjust enrichment are: (1) a benefit is conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; (3) acceptance and retention of the benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. Unum Life Insurance Co. v. O'Brien, 2004 WL 2283559, *5 (M.D. Fla. Oct. 4, 2004) (citing Hercules, Inc. v. Pages, 814 F. Supp. 79, 80 (11th Cir. 1993)).

In this instance, Southwest Florida Marine claims that GEMB would have received a lower price than the $40,000.00 for the Vessel without the $15,000.00 invested in repairs and improvements by Southwest Florida Marine. GEMB argues that it did not have notice that Southwest Florida Marine had purchased the Vessel to cover its claims, that it invested $15,000.00 in improvements for the Vessel, nor even where the Vessel was kept at the beginning of the case. In fact, GEMB states in its Reply Brief that Southwest Florida Marine purposely hid the location of the Vessel from GEMB which delayed it from seizing and selling the Vessel at an earlier date. Therefore, GEMB states it did not knowingly accept any benefit conferred upon it such that it would

be inequitable to retain the same as it did not receive notice of Southwest Florida Marine's intent to purchase.

However, what GEMB knew or had notice of and whether or not it knowingly accepted any benefit from Southwest Florida Marine's investment in the improvements of the Vessel create a genuine issue of material fact. As such, GEMB's Motion for Summary Judgment is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, GEMB Lending, Inc.'s Motion for Summary Judgment (Doc. #56) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   20th    day of July, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record